**Godson SHARK–DURU, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60638
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 12, 2007.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mark Edward Jacobs, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Norah Ascoli Schwarz, Claire L. Workman, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Trey Lund, U.S. Immigration and Customs Enforcement, Field Office Director, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Godson Shark–Duru, a native and citizen of Nigeria, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) decision denying his applications for cancellation of removal and voluntary departure.

Shark–Duru argues that his due process rights were violated when the IJ overstepped his role as adjudicator when he made various statements and determinations concerning his credibility and character. He also contends that the IJ's discretionary determination was an abuse of discretion that rose to the level of a violation of his due process rights. He does not specifically challenge the BIA's decision, nor does he challenge the IJ's determination that he did not show hardship that was sufficient to merit cancellation of removal.

The BIA conducted its own review of the record and did not adopt the IJ's decision, and thus this court does not have authority to review the IJ's decision. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir.2002). Because Shark–Duru challenges only statements and determinations by the IJ that this court lacks authority to review and does not challenge any of the BIA's determinations, he has abandoned the only issues before this court. *See Hughes v. Johnson*, 191 F.3d 607, 612–13 (5th Cir.1999). Accordingly, Shark–Duru has not shown any error in the BIA's dismissal, and his petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.